IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-332-JFH |
| DAVID ANTHONY ROMANNOSE, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a motion to dismiss for lack of subject matter jurisdiction ("Motion") filed by Defendant David Anthony Romannose ("Defendant").[1] Dkt. No. 92. The Motion seeks to overturn Defendant's conviction, arguing that the United States does not have jurisdiction to prosecute Defendant. *Id.*

The Court entered judgment in Defendant's case on June 8, 2022. Dkt. No. 61. Defendant filed a notice of appeal on June 10, 2022. Dkt. No. 65. Defendant's appeal remains pending in the United States Court of Appeals for the Tenth Circuit. *See* Dkt. No. 67; *United States v. Romannose*, No. 22-5049 (10th Cir. argued July 21, 2023). The present Motion is the second motion filed by Defendant subsequent to Defendant's conviction and notice of appeal. *See* Dkt. No. 85.

---

[1] The Court notes that Defendant has also filed an "Objection to Opinion and Order." (Dkt. No. 93). Defendant's "Objection" seeks no relief from the Court. To the extent Defendant's "Objection" could be construed as a Motion to Reconsider the Court's prior Order [Dkt. No. 89], such a motion is not appropriate and is hereby denied. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (A motion for reconsideration is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

As previously noted, the Court does not have jurisdiction to consider any motion in this matter while Defendant's appeal of this case is pending. *See* Dkt. No. 89. "[W]hen a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal." *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The Court thus lacks jurisdiction to review Defendant's Motion.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [Dkt. No. 92] is DENIED.

Dated this 15th day of March 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE