IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID ANTHONY ROMANNOSE,

    Defendant.

Case No. 21-CR-332-JFH

**OPINION AND ORDER**

Before the Court is the Letter of Complaint, which the Court construes as a motion to recuse and a motion to reconsider. Dkt. No. 113; Dkt. No. 115. For the reasons set forth, the relief requested by Defendant is DENIED.

**BACKGROUND**

Defendant sexually assaulted M.P., a minor, in the back seat of her father's truck while they drove through eastern Oklahoma. Dkt. No. 95 at 1. A jury convicted Defendant of aggravated sexual abuse of a minor and sexual abuse of a minor. Dkt. No. 52. Defendant was sentenced to life in prison on the aggravated sexual abuse of a minor charge, to run concurrently with a 180-month sentence on the sexual abuse of a minor charge. Dkt. No. 61. Defendant appealed. Dkt. No. 65. The Tenth Circuit Court of Appeals held that sentencing Defendant for both aggravated sexual abuse of a minor and sexual abuse of a minor violated Defendant's rights under the Double Jeopardy Clause and remanded the case for resentencing. Dkt. No. 95 at 15-16, 18.

After the mandate from the circuit court issued, the Court appointed attorney Ryan A. Ray to represent Defendant. Dkt. No. 102. On October 22, 2024, Defendant submitted several pro se filings. Dkt. No. 96; Dkt. No. 97; Dkt. No. 98; Dkt. No. 101. Though Defendant's arguments were largely unintelligible, the Court understood Defendant to be challenging its jurisdiction to

sentence him due to his status as a member of the Cherokee Nation. *Id.* However, because Defendant was represented by counsel, the Court denied the requested relief without prejudice, to possibly be re-urged by counsel. Dkt. No. 104. On November 8, 2024, the Court entered a sentencing scheduling order that established several deadlines, including a January 17, 2025 sentencing hearing. Dkt. No. 105.

On December 9, 2024, Defendant submitted another pro se filing in which he argued that the Court had abused its discretion by appointing Mr. Ray because Defendant had not requested that counsel be appointed. Dkt. No. 106. The Court construed this filing as a motion to proceed pro se. *See* Dkt. No. 110. On December 13, 2024, Defendant submitted yet another pro se filing. Dkt. No. 107. Although the arguments contained in the filing were largely unintelligible, the Court understood Defendant's position to be that the sentencing should be stayed because the Court: (1) lacked jurisdiction to sentence him; and; (2) erred in appointing him counsel that was not a member of the Cherokee Nation Bar Association. *Id.* at 3.

On December 13, 2024, Mr. Ray filed a motion requesting that the Court set a hearing to address Defendant's request to proceed pro se. Dkt. No. 108. In the motion, Mr. Ray indicated that he and Defendant had "a significant conflict" regarding Mr. Ray's refusal to file a motion consistent with Defendant's earlier pro se filings [Dkt. No. 96; Dkt. No. 97; Dkt. No. 98] in which Defendant challenged the Court's jurisdiction. Dkt. No. 108 at 3. Mr. Ray also advised the Court that he is, in fact, a member of the Cherokee Nation Bar Association. Dkt. No. 108 n. 3. The Court granted Mr. Ray's motion and set a hearing for December 19, 2024. Dkt. No. 109. At the hearing, the Court permitted Defendant to present argument. Dkt. No. 125 at 5-12.

Based on Defendant's written and oral submissions to the Court, it understood that: (1) Defendant believed that the Cherokee Nation had exclusive jurisdiction to sentence him because

his offense conduct occurred within the Cherokee Nation's boundaries and because both Defendant and the victim are Indian; (2) Defendant and Mr. Ray had differing views as to whether to file a motion challenging the Court's jurisdiction; (3) Defendant believed a member of the Cherokee Nation Bar Association would be more willing to file such a motion; and (4) alternatively, Defendant wanted to represent himself so that he could raise the issue himself.

The Court, in its discretion, denied Defendant's motion to proceed pro se without prejudice. Dkt. No. 129 at 13; *see United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir.2006) (recognizing that to properly invoke his constitutional right to waive counsel and represent himself, a criminal defendant must satisfy certain requirements). The Court also denied the motion to stay and advised Defendant that the motions (as well as any challenges to the Court's jurisdiction) could be resubmitted, only if signed by Mr. Ray. Dkt. No. 129 at 13. The Court also advised Defendant regarding Mr. Ray's qualifications, including his status as a member of the Oklahoma Bar Association, the Criminal Justice Authority Panel, and the Cherokee Nation Bar Association. *Id.* On February 28, 2025, Defendant submitted a "Letter of Complaint" asserting that the Court made material misrepresentations during the December 19, 2024 hearing regarding Mr. Ray's status as a member of the Cherokee Nation Bar Association and requesting that the Court recuse.[1] Dkt. Nos. 113, 115.

**DISCUSSION**

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid

---

[1] Based on the assertions in Defendant's "Letter of Complaint" and Defendant's refusal to communicate with him, Mr. Ray moved to withdraw, citing a complete breakdown in the attorney-client relationship. Dkt. No. 114. The Court granted the motion and appointed attorney Carla ReNae Stinnett to represent Defendant. Dkt. No. 116.

even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted). The standard is completely objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Here, Defendant appears to argue that, during the December 19, 2025 hearing, the Court misrepresented Mr. Ray as member of the Cherokee Nation Bar Association and representative of the Cherokee Nation. *Id.* at 1. Defendant suggests that the Court deliberately deceived him regarding Mr. Ray's status, creating a conflict of interest. *Id.* at 1-2. However, the record does not support these assertions. During the hearing, the Court stated, the following:

> [L]et me just say a couple of things about Mr. Ray. He's got a great reputation. He's appeared in this Court many times. He's a member of the Oklahoma Bar Association. He's a member of the Criminal Justice Authority Panel meaning he is qualified to be appointed to represent folks in your situation in federal court. He's also a member of the Cherokee Nation Bar Association so he's also familiar with tribal law and issues of that sort as well as jurisdictional issues. He's well qualified.

Dkt. No. 125 at 13. There is nothing in the Court's statements from which bias, impartiality, or a conflict of interest can be inferred. And there is certainly no evidence to show that the Court purposefully misled Defendant as to Mr. Ray's status. To the contrary, the factual assertion made by the Court as to Mr. Ray's status as a member of the Cherokee Nation Bar Association is independently verifiable. *See* https://www.cherokeecourts.org/Cherokee-Nation-Bar-Association.

Accordingly, Defendant's request for recusal unfounded. *See Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (recognizing that recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice"); *Hinman v. Rogers*, 831 F.2d 937, 939

(10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is . . . [a] judge should not recuse himself on unsupported, irrational, or highly tenuous speculation" (citation omitted)).

To the extent that Defendant also seeks reconsideration of the Court's ruling denying his motion to proceed pro se, the Court finds that Defendant has not set forth any factual or legal basis warranting such relief. *See States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022) (recognizing that a motion to reconsider "may be granted when the court has misapprehended the facts, a party's position, or the law" (citation omitted)); *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed [and] should not be used to revisit issues already addressed or advance arguments that could have been raised earlier" (quotation marks and citation omitted)).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to recuse [Dkt. No. 113] and motion to reconsider [Dkt. No. 115] are DENIED.

Dated this 7th day of May 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE